UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHLEEN ANDERSON

VERSUS

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

CIVIL ACTION

NO. 09-616-BAJ-DLD

## RULING

This matter is before the Court on a motion by defendant, National Union Fire
Insurance Company of Pittsburgh, PA ("National Union") for partial summary
judgment (doc. 12).  Though the Court granted plaintiff, Kathleen Anderson, an
extension of time to file an opposition to the motion, the motion is unopposed.
Jurisdiction is based on 28 U.S.C. § 1332.

## BACKGROUND

This matter arises out of a denial of benefits to plaintiff under a disability policy
issued by National Union.  According to the petition, National Union issued to plaintiff
an occupational accident insurance policy (Policy Number CC9106648) that was in
effect at all pertinent times.  Plaintiff, an independent contractor who worked as a
courier in Baton Rouge, alleges that she injured her neck while unloading a box from
her delivery truck in August of 2006 and filed a claim for benefits under the policy.
Plaintiff further alleges that, though she was fully disabled as defined in the policy,
National Union "maliciously, deliberately, and in bad faith breached its contractual
agreement with the plaintiff to pay disability benefits pursuant to the policy"

(complaint, ¶ 8).  Plaintiff prays for, *inter alia*, "penalties and attorney's fees as set forth by [LSA–R.S.] 22:1821, consisting of double any amounts due plus attorney's fees, and non-pecuniary damages for bad faith breach pursuant to [La.Civ. Code] art. 1998" (*Id.* at ¶ 9).

On July 12, 2010, National Union filed the present motion for partial summary judgment, seeking dismissal of the bad faith and nonpecuniary damage claims asserted by plaintiff.  On August 3, 2010, plaintiff moved for an extension of time to oppose the motion (doc. 13), and defendant, on the following day, filed its opposition to such an extension (doc. 14).  The Court granted plaintiff's motion, but despite being granted a twenty-one day extension, plaintiff has filed no opposition to the motion for partial summary judgment.

As required by Uniform Local Rule 56.1, National Union has submitted a statement of facts that it claims are material to the motion before the Court. Because plaintiff has not controverted any of the material facts set forth in that statement, those facts are deemed admitted for purposes of the motion as provided by Uniform Local Rule 56.2.[1]  They are as follows:

_____

[1]LR56.2 provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried.  All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

1.    National Union issued a policy of insurance, policy No. OCC 9106648, with "Certain Independent Contractors of Velocity Express" as named insured.

2.    Plaintiff was deemed eligible for Temporary Total Disability benefits after [an alleged accident occurred on August 3, 2006].[2]  The National Union policy provided that the maximum benefit period for these benefits was 104 weeks.

3.    The National Union policy defines "Temporary Total Disability" as:

> **Temporary Total Disability, Temporarily Totally Disabled** means disability that: (1) prevents an Insured from performing the duties of his or her regular, primary occupation; and (2) requires that, and results in, the Insured receiving Continuous Care.

4.    Plaintiff was seen for a functional capacity evaluation in September 2007, and the evaluation found that plaintiff was functioning at a sedentary level of work.

5.    In October of 2007, Dr. Jyoti Pham, a doctor who had previously performed an [independent medical exam] on plaintiff, reviewed the functional capacity evaluation results and cleared plaintiff to return to work at a sedentary level.

6.    In May of 2008, a letter was sent to plaintiff notifying her that her temporary disability benefits would expire on August 3, 2008, and informing her that National Union had not received any medical records showing that she was qualified to receive Continuous Total Disability benefits under the terms of the policy. The letter included the policy language setting out the requirements for benefits and further informed plaintiff that she would have to submit medical information showing that she was entitled to these benefits.

7.    The definition of "Continuous Total Disability" under the National Union Policy differs from the definition of "Temporary Total Disability."

8.    The National Union policy defines "Continuous Total Disability" as:

> **Continuous Total Disability, Continuously Totally Disabled** means disability that: (1) prevents an insured from performing the duties of any occupation for which he or she is qualified by reason of education, training or

---

[2]Defendant's Statement #2 is omitted as it states allegations rather than facts.

3

experience; and (2) requires that, and results in, the Insured receiving Continuous Care.

9.   On July 30, 2008, plaintiff received a vocational rehabilitation assessment that identified ten potential jobs in the Baton Rouge area that would fit plaintiff's skill set and work restrictions.

10.   Plaintiff's Temporary Disability benefits ceased on August 3, 2008.

11.   In October of 2008, plaintiff was re-evaluated by Dr. Jyoti Pham, who stated that plaintiff "would be able to perform a position that was met within the Functional Capacity Evaluation outline regarding a sedentary work position with the restriction listed at that time."[3]

12.   After being faxed a copy of the functional capacity evaluation, IME report, and the vocational assessment, plaintiff's treating physician, Dr. John Clark, stated "I would suggest a return to work trial with strict adherence to a sedentary level with minimal lifting, pushing, or pulling no greater than ten pounds and with no prolonged sitting, standing, or walking greater than one hour at a time."[4]

13.   In January of 2009, plaintiff was sent a letter that formally denied her claim for Continuous Total Disability benefits.  The letter stated that the denial was based on medical evidence that plaintiff was capable of returning to work.

(Doc. 12-13).

---

[3]Though defendant, in its statement of material facts, states its interpretation of how Dr. Jyoti Pham "felt," defendant cited the October 17, 2008 report of Dr. Pham (doc. 12, ex. 2E), which provides an uncontroverted material fact in the form of a statement made by Dr. Pham.  That quote is, therefore, included in ¶ 11 as an undisputed fact for purposes of the motion for partial summary judgment.

[4]The cited document provides an uncontroverted material fact in the form of a statement made by Dr. Clark.  That quote is, therefore, included in ¶ 12 as an undisputed fact for purposes of the motion for summary judgment.

## LAW AND DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).

 In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.  *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997).  After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).  The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."  *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiff's claim for penalties and attorneys' fees is asserted pursuant to LSA–R.S. 22:1821, which provides, in pertinent part:

> All claims arising under the terms of health and accident contracts issued in this state . . ., shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist.
>
> \* \* \*
>
> Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court.

LSA–R.S. 22:1821(A).

"Provisions of [LSA–R.S. 22:1821] are penal in nature and must be strictly construed.[5]  These penalties should not be applied unless the refusal to pay is clearly arbitrary and capricious." *Nolan v. Golden Rule Ins. Co.*, 171 F.3d 990, 993 (5th Cir. 1999).  "When claiming penalties and attorney fees, the insured has the burden of proving that any fault or failure to pay the claim was attributable to the insurer." *Id.* (citing *Colville v. Equitable Life Assurance Soc'y of United States*, 514 So.2d 678, 682 (La.App. 2nd Cir. 1987)).

Defendant, in its motion for partial summary judgment, has set forth evidence to establish that its decision not to pay benefits beyond August 3, 2008, was based on medical evidence.  Plaintiff, who bears the burden of establishing that defendant

---

[5]LSA–R.S. 22:1821 was formerly cited as LSA–R.S. 22:657.  *See* Acts 2008, No. 415, § 1, eff. Jan. 1, 2009.

6

acted arbitrarily and capriciously, has failed to respond to the motion and has therefore failed to make a showing sufficient to establish the existence of an element essential to the claims asserted under LSA–R.S. 22:1821.  Accordingly, the claims asserted pursuant to LSA–R.S. 22:1821 shall be dismissed with prejudice.

Plaintiff's claim for non-pecuniary damages is asserted pursuant to Article 1998 of the Louisiana Civil Code which provides in pertinent part:

> Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.
>
> Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.

"It is well settled in Louisiana law that the object of a contract of insurance is the payment of money."  *Dixon v. First Premium Ins. Group*, 934 So.2d 134, 146 (La.2006).  Moreover, plaintiff has set forth no evidence to establish that defendant acted with any intent to aggrieve her.  Accordingly, plaintiff's claim for non-pecuniary damages shall be dismissed with prejudice.

7

## CONCLUSION

For all the foregoing reasons, the motion by defendant, National Union Fire Insurance Company of Pittsburgh, PA , for partial summary judgment (doc. 12) is hereby **GRANTED**, and **IT IS ORDERED** that plaintiffs claims for penalties and attorneys' fees pursuant to LSA–R.S. 22:1821 and for non-pecuniary damages pursuant to La.Civ.Code art. 1998 are hereby dismissed with prejudice.

Baton Rouge, Louisiana, November 29, 2010.


BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA