UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHLEEN ANDERSON

VERSUS

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

CIVIL ACTION

NO. 09-616-BAJ-DLD

RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

## I.    BACKGROUND

This matter is before the Court on a motion for partial summary judgment (doc.

22) by the defendant, National Union Fire Insurance Company of Pittsburgh, PA

("National Union"). The plaintiff, Kathleen Anderson, has submitted a memorandum

in opposition to the defendant's motion for partial summary judgment (doc. 23) and

the National Union has filed a reply brief in support of its motion (doc. 26). This

Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332, diversity of

citizenship.

## II.    FACTS

Kathleen Anderson ("Anderson") was injured in an accident during August

2006, while working as an independent courier for Velocity Express. National Union

issued an occupational accident insurance policy covering certain independent

contractors of the company, including Anderson.[1] Following the accident, National

---

[1]National Union Fire Ins. Co. Policy ("Policy"), p. 10 (doc. 1-2).

Union began to provide disability benefits to Anderson pursuant to the policy.

Relative to the termination of disability benefits, the policy provides as follows:

> The Continuous Total Disability Benefit shall cease on the earliest of the following dates:
>
> A.    the date the Insured is no longer Continuously Totally Disabled
> B.    the date the Insured dies.
> C.    the date the Insured's Social Security Disability Award ceases.
> D.    the date the Insured attains 75.
> E.    the date the Maximum Benefit Period shown in the Schedule for Continuous Total Disability has been reached.[2]

On January 21, 2009, National Union sent written notice to Anderson's attorney, indicating that the plaintiff did not qualify for the Continuous Total Disability benefit under the policy and that National Union would not provide any additional disability benefit payments to her.[3] Anderson subsequently filed suit against National Union for bad faith breach of the insurance contract.[4]

## III.    LAW AND ANALYSIS

As to the present motion, the sole issue before the Court is the construction of the policy's Continuous Total Disability Benefit provision. National Union petitions the Court for a judicial determination that this provision is not ambiguous.

---

[2] Policy, p. 9.

[3] Letter from Ilda Miranda, Claims Adjuster for National Union, to Attorney Robert Campbell, Williamson & Fontenot, LLC. (Jan. 21, 2009) (doc. 12-11)

[4] Plaintiff's Petition for Damages, p. 2 , ¶ 9. (doc. 1-1)

More specifically, the defendant urges the Court to issue a ruling that, pursuant to Provision C, Anderson's Social Security disability benefits, and therefore her eligibility for benefits under the policy, cease when she reaches Social Security retirement age in 2017, on the date of her 66th birthday. In opposition, the plaintiff argues that when she reaches the Social Security retirement age, her Social Security disability award will not cease, but rather the benefits will simply "change form" to old-age retirement benefits. Accordingly, Anderson submits that her eligibility for benefits under the National Union policy will not terminate when she attains 66 years of age. Finding merit in the contentions of the defendant, the court holds that the motion for partial summary judgment should be granted in National Union's favor.

In order to receive Social Security disability benefits, a claimant must satisfy the requirements outlined in 42 U.S.C. § 423(a). One of those requirements, as stated in 42 U.S.C. § 423(a)(1)(B), is that the individual "has not attained retirement age" as defined by the Social Security Act. The United States Court of Appeals for the Fifth Circuit has explained that the Social Security program was expanded to include disability benefits after Congress became aware of the plight of the disabled worker. Individuals who were insured to received old-age retirement benefits under the Social Security Act but who were no longer able to work "were being forced in a period of destitution" until they became eligible to receive old-age retirement benefits at retirement age. *Sanchez v. Schweiker*, 656 F.2d 966, 968

(5th Cir. Unit A. Aug. 1981). Under the expanded Social Security program, disabled workers became eligible to receive a disability insurance payment equivalent to what they would have received if able to receive old-age benefits. "Because disability insurance was, in fact, early eligibility for old-age benefits, Congress provided that when the insured became eligible for old-age benefits his monthly disability benefits would cease." *Id.*[5] Further, 20 CFR § 404.316(b)(2) provides with respect to Social Security disability benefits: "Your entitlement to disability benefits ends with the earliest of these months: (2) The month before the month you attain full retirement age as defined in § 404.409 (at full retirement age your disability benefits will be automatically changed to old-age benefits)". Accordingly, the Court concludes that an individual's eligibility to receive Social Security disability benefits ceases once he becomes entitled to receive old-age retirement benefits.

As to the language of the National Union policy, Anderson argues that her Social Security disability award does not "cease" upon reaching retirement age, but rather, "the benefits under the award just come from a different source."[6] The Court does not agree. It is beyond dispute that an individual cannot receive disability

---

[5] See also, *Saad v. Secretary, H.H.S.*, 1989 WL 100347 (6th Cir) ("This controversy concerns only a few months, or even weeks, of claimed onset of disability prior to Saad's reaching the age at which disability benefits would cease and she would be eligible for social security retirement benefits."), and *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("Because of his [the plaintiff's] age, his entitlement to disability benefits, if any, is limited to the period between filing the application for benefits and reaching age 65, the social security retirement age.")

[6] Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, p. 5 (doc. 23)

benefits and old-age retirement benefits from the Social Security program simultaneously. Eligibility for receipt of disability benefits is predicated on an individual having not yet reached Social Security retirement age. The plaintiff further argues that if the policy is to be interpreted in the manner suggested by National Union, Provision C should have stated that the policy benefits terminate "when Plaintiff reaches Social Security retirement age and the disability benefits convert to old-age retirement benefits."[7] Again, in accordance with prevailing law, the Court finds the plaintiff's Social Security disability benefits will cease when she reaches the Social Security retirement age, and therefore, the policy provision is not ambiguous as it is written.

Finally, Anderson argues that if Provision C is interpreted in such way that her right to obtain disability benefits under the policy terminates at age 66, then Provision D, which provides that the benefits end "the date that the Insured attains age 75", is superfluous. Pursuant to the policy, benefits will terminate upon the earliest occurrence of any one of the five stated events. National Union submits that Provision D is intended as a "backstop," providing the ultimate time limitation for the payment of benefits.[8] The Court finds that the inclusion of Provision D does not invalidate Provision C, according to which the plaintiff's eligibility to receive

---

[7] Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, p. 4.

[8] As eluded to by National Union, this provision was likely included in the event that Congress amended the Social Security Act to provide for a later retirement age, and therefore, a longer period of eligibility for disability benefits.

policy benefits will cease once she reaches Social Security retirement age.

## IV.   ORDER

Accordingly, for the reasons stated herein, the Motion for Partial Summary Judgment (doc. 22) by the defendant, National Union Fire Insurance Company is **GRANTED**.

Baton Rouge, Louisiana, March 30, 2012.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA