UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHLEEN ANDERSON

VERSUS

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

CIVIL ACTION

NO. 09-616-BAJ-DLD

RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

I. BACKGROUND

This matter is before the Court on a "Motion for Summary Judgment, or in the Alternative, Motion in Limine" (doc. 27) by the defendant, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). The plaintiff, Kathleen Anderson, has submitted a memorandum in opposition to the defendant's motion for partial summary judgment (doc. 29) and the National Union has filed a reply brief in support of its motion (doc. 33). This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332, diversity of citizenship.

II. FACTS

Kathleen Anderson ("Anderson") was injured in an accident during August 2006, while working as an independent courier for Velocity Express. National Union issued an occupational accident insurance policy (policy no. OCC9106648) covering certain independent contractors of the company, including Anderson.[1] Following the

---

[1] National Union Fire Ins. Co. Policy ("Policy"), p. 10 (doc. 1-2).

1

accident, National Union began to provide disability benefits to Anderson pursuant to the policy. On January 21, 2009, National Union sent written notice to Anderson's attorney, indicating that the plaintiff did not qualify for the Continuous Total Disability benefit under the policy and that National Union would not provide any additional disability benefit payments to her.[2] The policy provides, in pertinent part:

> **Continuous Care** means at least quarterly monitoring and/or evaluation of the disabling condition by a Physician. The Company must receive proof of continuing Continuous Total Disability on a quarterly basis.
>
> **Continuous Total Disability, Continuously Totally Disabled** means disability that: (1) prevents an insured from performing the duties of any occupation for which he or she is qualified by means of education, training or experience; and (2) requires that, and results in, the Insured receiving Continuous Care.

Following National Union's discontinuation of disability benefits payments to Anderson, the plaintiff filed the present law suit, alleging bad faith breach of the insurance contract by the insurer.[3]

---

[2] Letter from Ilda Miranda, Claims Adjuster for National Union, to Attorney Robert Campbell, Williamson & Fontenot, LLC. (Jan. 21, 2009) (doc. 12-11)

[3] Plaintiff's Petition for Damages, p. 2, ¶ 9. (doc. 1-1)

## III. SUMMARY JUDGMENT

The purpose of summary judgment is to pierce pleadings and to assess proof in order to determine whether there is a genuine need for trial. *R.J. Reynolds Tobacco Co. v. Hudson*, 314 F.2d 776, 788 (5th Cir. 1963). In considering a motion for summary judgment, the court must construe all pleadings liberally in favor of the party against whom the motion is made, and the motion should be granted only where the moving party is entitled to judgment as a matter of law and the record clearly shows that no genuine issue of material fact exists. *Dassinger v. South Central Bell Tel. Co.,* 505 F.2d 672, 674 (5th Cir. 1974). The party seeking summary judgment bears the burden of showing that there is no material fact in dispute, and every reasonable inference arising from the record must be resolved in favor of the party opposing the motion. *Hodges v. Exxon Corp.*, 727 F.2d 450, 452 (5th Cir. 1984). A fact is material if it might affect the outcome of the suit under the governing law. *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001). There is a genuine issue as to a material fact if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id*.

## IV. LAW AND ANALYSIS

National Union seeks dismissal of the plaintiff's claim for "full and permanent" reinstatement of disability benefits. National Union submits that, pursuant to the terms of the policy, the insured is subject to an ongoing obligation to submit proof of her disability to the insurer on a quarterly basis. Accordingly, National Union

argues that any judgment purporting to award to the plaintiff a "permanent" reinstatement of benefits, unqualified by the requirement of a quarterly evaluation, would circumvent and violate the terms of this policy. In opposition, the plaintiff submits that the Court has the discretion to order the payment of future disability benefits to the plaintiff.

Both parties submit as supporting evidence excerpts of the deposition testimony of the plaintiff's treating physicians. While the physicians' statements may be relevant to the ultimate issue to be determined at trial – whether the plaintiff is disabled and therefore entitled to recover disability benefits under the policy – the question presented by National Union's motion does not depend on the doctors' deposition testimony, but rather is a legal issue of the interpretation of the insurance contract. "When a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate." *Sims v. Mulhearn Funeral Home, Inc.*, 2007-0054 (La. 5/22/07), 956 So.2d 583, 590. "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties' intent." *Peterson v. Schimek*, 98-1712 (La. 3/2/99), 729 So.2d 1024, 1028.

The plaintiff argues that it is possible for the finder of fact to conclude at trial that she has suffered an injury related to a workplace accident, that she was and is

4

unable to return to her occupation as a truck driver, that her medical restrictions are permanent, that her medical restrictions prevent her from returning to work in jobs for which she is qualified, and that she is not a candidate for vocational retraining. Based upon these findings of fact, the plaintiff submits that this Court would have the authority to reinstate her benefits and to award the payment of future benefits. The plaintiff does not address, however, how these potential findings of fact would eliminate the policy's requirement that the plaintiff submit quarterly proof of her disability. The plain language of the policy does not provide for a final or permanent determination of disability, but instead requires that a "Continuous Total Disability" be proven on a quarterly basis by medical evidence from a treating physician. As there is no contention by the plaintiff that this provision of the policy is unlawful or against public policy, there is no basis for the Court to rule that the plaintiff is exempt from it.

IV. ORDER

Accordingly, for the reasons stated herein, the Motion for Partial Summary Judgment (doc. 27) by the defendant, National Union Fire Insurance Company is **GRANTED**.

Baton Rouge, Louisiana, July 11, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA